UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-_____

OLGA CHAVEZ,

    Plaintiff,

vs.

AMERICAN AIRLINES, INC., a Delaware
for profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, OLGA CHAVEZ, (hereinafter referred to as "Chavez"), through her undersigned counsel, files this Complaint against the Defendant, AMERICAN AIRLINES, INC., (hereinafter referred to as "American"), and alleges:

## PARTIES

1. At all times material to this action, Chavez was and is a citizen of the Republic of Cuba.

2. At all times material to this action, American was and is a citizen of the State of Delaware.

3. At all times material to this action, American was and is an active and current Delaware corporation for profit authorized to do business in the State of Florida.

4. At all times material to this action, American was the employer of ground personnel and other employees at Miami International Airport, (hereinafter referred to as "MIA"), which employees were specifically delegated with the duty to provide American passengers with the

reasonable and necessary care in order to safely and appropriately disembark from American flights upon their arrival at MIA.

## JURISDICTION

5. Chavez is bringing her action for negligence against American based upon *28 U.S.C. § 1332*, as she is of diverse citizenship from American. There is complete diversity between her and American, a Delaware Corporation.

6. In addition, diverse jurisdiction is appropriate because Chavez's claim for damages is grounded upon the serious bodily injury she sustained and accordingly her claim for damages exceeds $75,000.00, exclusive of interest and costs.

7. Venue is appropriate in the Southern District of Florida as Chavez suffered serious bodily injury at MIA, which airport facility is located in Miami-Dade County and in the Southern District of Florida.

## FACTUAL ALLEGATIONS

8. At all times material to this action, American engaged in the business of transporting paying passengers by air travel, and specifically in this case, American was engaged in the business of transporting passengers for profit, including Chavez, from the city of Camaguey in the Republic of Cuba to MIA.

9. On August 7, 2016, Chavez boarded an American aircraft in Camaguey and traveled upon that aircraft to MIA.

10. Chavez paid American to transport her and her personal property from Camaguey to MIA.

11. On the date that Chavez boarded to American flight to MIA, she was eighty five (85) years old and required wheelchair and/or disability assistance when attempting to ambulate through distances, particularly in crowded places, airport terminals or other public places.

12. When Chavez boarded the American aircraft in Camaguey, she did so for the purpose of traveling to Miami, Florida to visit with her son and other family members.

13. When Chavez arrived at the airport in Camaguey, American, in consideration for being paid by Chavez, had undertaken to safely transport her from Cuba to MIA.

14. In Camaguey, American undertook to provide Chavez the required and necessary assistance in order for her to safely deposit her luggage for flight and safely embark upon the American flight bound for MIA.

15. Upon arrival at MIA, the American aircraft pulled into an American disembarking gate.

16. The American aircraft, upon arriving at the gate at MIA, was no longer being operated for the purpose of air navigation.

17. Although American was aware of Chavez's need for wheelchair assistance, and/or should have known of Chavez's need for wheelchair or other handicapped assistance, and despite having undertaken the task of providing Chavez with wheelchair and/or disability assistance at MIA, American failed to provide wheelchair or disability assistance to Chavez while the flight was disembarking at MIA.

18. After her repeated and unsuccessful attempts to obtain wheelchair or disability assistance, Chavez was forced to ambulate out of the American aircraft at MIA and was further forced to attempt to ambulate throughout MIA toward her waiting family and/or the baggage area.

19. At MIA, American required Chavez to travel from the American gate at MIA located on the second level of MIA toward the ground level of the airport for the required pick-up of her baggage and/or to her waiting family.

20. Chavez, while attempting to travel down an escalator at MIA toward the baggage area, violently tumbled down the escalator to the ground resulting in permanent physical injury to Chavez.

## COUNT I
## (NEGLIGENCE)

21. Chavez re-adopts and re-alleges the allegations contained in paragraphs 1 through 20 above.

22. American owed a duty to Chavez to provide her with safe travel from Camaguey to Miami.

23. American undertook the duty to provide Chavez with wheelchair and/or disability assistance to provide safe passage through MIA once the American aircraft landed at MIA and began disembarking passengers.

24. American knew, or in the exercise of reasonable care should have known, that Chavez could not ambulate safely without wheelchair and/or disability assistance.

25. American knew, or in the exercise of reasonable care should have known, that if Chavez was not provided wheelchair and/or disability assistance that she would foreseeably be injured in her attempt to ambulate without wheelchair and/or disability assistance.

26. While the American aircraft was disembarking its passenger, American, through its agents, servants, and representatives, acting within the course and scope of their employment and/or representative capacity with American committed negligence by failing to provide Chavez

with wheelchair and/or disability assistance during the process of Chavez's disembarking from the American aircraft.

27. As the direct and proximate result of American's failing to provide Chavez with wheelchair and/or disability assistance, Chavez suffered serious bodily injury including a fracture of her left shoulder, torn ligaments, tendons and other connective tissue of her left shoulder, blunt trauma to her legs, arms, back, torso and face, and serious back injuries.

28. As the direct and proximate result of American's failing to provide Chavez with wheelchair and/or disability assistance, Chavez has sustained and incurred significant past and future medical expenses, and has sustained permanent impairment of her capacity to enjoy life.

**WHEREFORE**, Plaintiff, OLGA CHAVEZ, demands:

  a. Judgment for compensatory damages against American;

  b. Costs incurred in this action; and

  c. Such other and further relief as the court deems proper.

## DEMAND FOR A JURY TRIAL

Plaintiff, OLGA CHAVEZ, demands a trial by jury for all issues so triable.

Dated: January 5th, 2017                    Respectfully submitted,

                                            ROBERTO E. MORAN, P.A.
                                            ROBERTO E. MORAN, ESQ.
                                            Counsel for Olga Chavez
                                            2525 Ponce de Leon Boulevard
                                            Suite 300
                                            Coral Gables, Florida 33134
                                            Tel: (305) 570-2333
                                            Fax: (305) 570-2475
                                            Email: rmoran@robertomoranlaw.com

                                         By:/s/Roberto E. Moran
                                            Roberto E. Moran, Esq.
                                            Florida Bar No.: 59361